**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORDAN WHITE,<br><br>Plaintiff,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware Corporation, individually and Doing business as "INTERSCOPE RECORDS"; JORDAN TIMOTHY JENKS, p/k/a "PI'ERRE BOURNE," an individual; JORDAN CARTER, p/k/a "PLAYBOI CARTI," an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. _____ |

**JORDAN WHITE'S COMPLAINT**
**JURY TRIAL DEMANDED**

1

Plaintiff, Jordan White, by and through the undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## Jurisdiction & Venue

1. This action arises under 17 U.S.C.A. § 512.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3. Venue is proper in this District under 28 U.S.C. § 1400(a), insofar as defendants or their agents reside or may be found here, or, alternatively, under 28 U.S.C. § 1391(b)(1), insofar as at least one defendant resides in this District, or, alternatively, under 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. § 1391(b)(3), insofar as at least one defendant is subject to the Court's personal jurisdiction here.

## Parties

4. Plaintiff Jordan White is an individual living in New York, New York.

5. At all times mentioned herein Defendant UMG Recordings, Inc., individually and doing business as "Interscope Records" (collectively "Universal") was a Delaware corporation with offices in New York, New York.

6. At all times mentioned herein Jordan Timothy Jenks, professionally known as "Pi'erre Bourne," conducted business in New York City.

7. At all times mentioned herein Jordan Carter, professionally known as "Playboi Carti," conducted business in New York City.

8. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have contributed to the malfeasance at issue. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true

names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## Factual Background

10. White is a writer and performer working primarily in the hip-hop genre.

11. On or about February 2017, White obtained from Jenks rights to a musical instrumental arrangement (hereinafter, "Beat") created by Jenks, and paid Jenks for said rights. The agreement under which Jenks sold the Beat to White included terms that precluded White from licensing or otherwise providing the Beat to other artists for use in the hip-hop space.

12. White collaborated with Jenks to finalize the Beat, purchased the final version of the Beat from Jenks, and incorporated the Beat, with Jenks' knowledge, into White's song "Oi!" (hereinafter, "Oi!" or "the Song").

13. White acquired from Jenks, at the very least, an exclusive irrevocable license for the Beat by virtue of his making payment to Jenks for the Beat.

14. In or about February 2017, White created Oi!, which incorporated the Beat as well as White's own music, lyrics, and production. Jenks had no involvement with the Song beyond the Song's use of the Beat. Jenks heard the finished version of Oi! in or around February 2017. White or Jenks did not intend to be, and were not, co-authors or co-owners of Oi!

15. White exclusively owns the copyright in and for Oi! and has registered his copyright for Oi! with the U.S. Copyright Office. White distributed and released Oi! on The FADER's website, YouTube, Spotify, SoundCloud, and others and promoted the Song on Twitter, Instagram, and other social media platforms (hereinafter referred to as "Online Platform(s)").

16. White also authorized the publication of Oi! on the SoundCloud page of Illijah Ulanga (p/k/a "A$AP ILLZ"), a founding member of the popular music group "A$AP MOB," who agreed to assist in the promotion of the Song. Defendant Carter is a part of the A$AP MOB music group.

17. Approximately one year later, on or about May of 2018, well after White released Oi!, Carter released a song entitled, "Right Now" (hereinafter, "Right Now"). Right Now incorporated and was built around the same Beat that Jenks sold to White.

18. White is informed and believes and thereon alleges that at some point at or around the time Carter released Right Now, one or more of the Defendants contacted the online and streaming platform(s) on which Oi! was streaming and demanded that Oi! be removed under 17 USC §512(c)(3).

19. In May of 2018, Defendants filed take-down requests pursuant to the Digital Millennium Copyright Act (hereinafter, "DMCA") seeking the removal of Oi! from Online Platforms, claiming under penalties of perjury that Oi! infringed Defendants' copyright.

20. On or about May 21, 2018, White filed a DMCA counter-notification with Twitter.

21. On information and belief, it is alleged that Jenks provided the Beat purchased to Carter, despite his agreement with White and the fact that White provided Jenks with instruction and direction in the development of the Beat. Consequently, Carter's release of the song entitled "Right Now" came after the

release of Oi! and was a violation of White's rights.

22. Upon information and belief, at or around the time Carter released Right Now, one or more of the Defendants, jointly and/or severally, their agents, servants, employees, or through others acting on their behalf, communicated with one or more Online Platforms to remove Oi! from said platform under 17 USC §512(c)(3), seeking a take-down order alleging copyright infringement.

23. Upon information and belief, Oi! was removed from one or more Online Platforms as a direct result of the demands made by the Defendants, jointly and/or severally, their agents, servants, employees, or through others acting on their behalf, and each of their, notice pursuant to 17 USC §512(c)(3).

24. The Defendants, jointly and/or severally, their agents, servants, employees, or through others acting on their behalf, knowingly, falsely, maliciously, improperly, intentionally and/or negligently, in support of Defendants' request for a take-down order against White's song, Oi!, alleged the song Oi! infringed upon the copyright and/or intellectual property of Defendants.

25. Defendants sought the take-down of White's song with the specific intent of harming White, the distribution and earnings of Oi!, and with the intent that Carter's song, Right Now, would benefit thereby.

26. The take-down notice was improper, in violation of 17 USC § 512 (2)(b)(6), which requires the take-down notice to, *inter alia*, contain a statement that the information in the notice is accurate and, under penalty of perjury, that either the owner or the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. See 17 U.S.C. § 512(c)(3)

27. Any statement by the Defendants, made under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed, is clearly and demonstrably false. Therefore, the take-down request is inadequate and defective, and the Defendants'-claimants are guilty

of perjury.

28. Defendants, jointly and severally, their agents, servants, employees and or through others acting on their behalf made material misrepresentations pursuant to 17 USC §512(f) wherein they knowingly and materially misrepresented that material or activity is infringing.

### First Claim for Relief

(For Violation of 17 USC §512(f) —Against all Defendants, and Each)

29. Plaintiffs repeat, re-allege, and incorporate by reference all preceding paragraphs of this Complaint.

30. Defendants, and each of them, served Section 512 takedown notices on one or more of the above-referenced Online Platforms, demanding that Oi! be removed from the relevant platform and no longer be made available to the public.

31. In serving their Section 512 notices, Defendants, and each of them, with knowledge of the falsity, materially misrepresented that the public performance, display or distribution of Oi! infringed their rights under the Copyright Act.

32. Defendants' offending notices contained numerous, knowing falsehoods, including without limitation the following: (a) that Oi! violated Defendants' copyrights; (b) that White did not have the right to publicly perform or distribute Oi!; (c) that White was committing copyright infringement by publicly performing or distributing the Song; and (d) that the statements in the offending notices were true and accurate.

33. On information and belief, White alleges that one or more Online Platforms removed Oi! as a result of Defendants' offending notices, depriving White of his ability to promote, monetize, and otherwise enjoy the benefits of his authorship.

34. As stated elsewhere herein, White, in fact, created and holds the copyrights for Oi! and has the right to publicly perform and distribute Oi! on any platform.

35.     Due to Defendants' actions as herein alleged, Plaintiff has suffered actual, general and special damages, including without limitation lost profits, revenues, damage to his goodwill and reputation, and a diminution in the value of Oi!, all in an amount to be established at trial.

36.     Pursuant to 17 U.S.C. Section 512(f), White may recover his attorneys' fees and costs from Defendants.

### Second Claim for Relief

(For Breach of License Agreement - Against Jordan Timothy Jenks a/k/a "Pi'erre Bourne")

37.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

38.     Jenks and White entered into, at a minimum, a license agreement under which Jenks sold the Beat to White, and White tendered payment to Jenks for the Beat. This created, at a minimum, an irrevocable license under which White could exploit the Beat in his music.

39.     Jenks and White agreed, when Jenks sold to White the Beat, that Jenks would not sell the Beat to other hip-hop artists and would not allow such artists to exploit the Beat in competition with White.

40.     White discharged all obligations under the license agreement.

41.     On information and belief, Plaintiff alleges that the relevant industry standard and custom dictate that producers not sell the same beat to multiple artists competing in the same genre.

42.     On information and belief, White alleges that Jenks, after selling the Beat to White sold the same Beat to Carter.

43.     Jenks' sale of the Beat to Carter violated Jenks' license agreement with

White and violated the covenant of good faith and fair dealing appurtenant to the license agreement.

44.     Due to Jenks' actions as herein alleged, Plaintiff has suffered actual, general, and special damages, including without limitation lost profits, revenues, and damage to his goodwill and reputation.

### Third Claim for Relief

(For Tortious Interference With Advantageous Business Relationship – Against all Defendants, and Each)

45.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

46.     Defendants, jointly and severally, had actual knowledge of White's business relationship with several On-line Platforms on which White and Ulanga p/ka "A$AP ILLZ" posted his song, Oi!.

47.     Defendants, jointly and severally, knew or should have known that their take-down requests, to these on-line platforms, under penalty of perjury pursuant to 17 USC §512, would materially interfere with White's advantageous business relationship with these On-line Platforms. In fact, the purpose of Defendants seeking a take-down order was to interfere with White's advantageous business relationships.

48.     Defendants actions, jointly and severally, their agents, servants, employees or others through whom they acted, in seeking and securing take-down notices on one or more of the above-referenced platforms, demanding that Oi! be removed from the relevant platforms did, in fact, interfere with White's advantageous business relationships, damaging him thereby.

49.     Due to Defendants' actions as herein alleged, Plaintiff has suffered actual,

general and special damages, including without limitation lost profits, revenues, and damage to his goodwill and reputation.

## Fourth Claim for Relief

(For Declaratory Relief—Against all Defendants, and Each.)

50. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

51. The parties have an actual, justiciable controversy pursuant to NY CPLR § 3001.

52. The Plaintiff, White, seeks declaratory judgment that White has not infringed the rights of Defendants in and through his distribution and exploitation of the Song, and/or awarding White full right, title and interest, exclusively, in the copyright of Oi!, including that part identified herein as the Beat, the development of which was guided by White and ultimately paid for.

53. The Plaintiff, White, seeks declaratory judgment, denying the Defendants, jointly and severally, any right, title or interest in the Beat paid for by White, with a congruent ruling that White has not and does not infringe upon any copyright of the Defendants.

54. White further seeks a declaratory judgment that the song Right On infringes upon Oi!, which was created and disseminated before Right On.

## Prayer for Relief

(Against All Defendants, and Each)

With Respect to Each Claim for Relief, White demands judgment against Defendants, and each of them, as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from serving Section 512 notices that are false in regard to Oi! and be required to

withdraw their Section 512 notices;

b.     That this Honorable Court declare and decree that White owns a lawful copyright in and to the Beat and to Oi! and enjoys all rights set forth in Section 106 as they relate to Oi!, including without limitation the right to perform and distribute Oi!;

c.     That Defendants, and each of them, compensate White in an amount to be established at trial but which shall include his copyright/exclusive licensee's damages, including without limitation loss in revenues and diminution in the value of Oi!, and the benefits Defendants reaped via their unlawful conduct;

d.     That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 512(f), 17 U.S.C. § 501, and any applicable statute;

e.     That Plaintiff be awarded pre-judgment interest as allowed by law;

f.     That Plaintiff be awarded the costs of this action; and

g.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated:   November 25, 2020                    Respectfully Submitted,
         Brooklyn, New York                   DONIGER / BURROUGHS

                                              By: _____
                                              Scott Alan Burroughs
                                              scott@donigerlawfirm.com
                                              231 Norman Avenue, #413
                                              Brooklyn, New York 11222
                                              (310) 590-1820

          LAW OFFICE OF WILLLIAM IGBOKWE

By: _____
      O. William Igbokwe
      will@iwlaws.com
      77 Water Street, 8th Floor
      New York, New York 10005
      (347) 467- 4674

          LAW OFFICE OF CARLOS SANTIAGO, P.C.

By: /s/ *Carlos Santiago, Jr.*
      Carlos Santiago, Jr.
      carlos@santiagolawnyc.com
      11 Broadway, Suite 615
      New York, New York 10004
      (212) 256 - 8460