UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JORDAN WHITE,

                Plaintiff,

-against-

UMG RECORDINGS, INC., a Delaware Corporation, individually and Doing business as "INTERSCOPE RECORDS"; JORDAN TIMOTHY JENKS, p/k/a "PI'ERRE BOURNE," an individual; JORDAN CARTER, p/k/a "PLAYBOI CARTI," an individual; and DOES 1-10, inclusive,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2021

20 Civ. 9971 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

    Before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss the complaint. ECF No. 38 Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery "for good cause." Fed. R. Civ. P. 26. "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Although discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of a stay is by no means automatic." *In re WRT Energy Sec. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996). In deciding whether to grant a stay, "a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

    The Court concludes a stay of discovery is not warranted here. Despite Defendants' speculation regarding the breadth of discovery, the Court is not persuaded that discovery in this case will be especially burdensome. *Cf. Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 3934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (permitting a stay where defendant produced example discovery requests from plaintiff that requested "broad and extensive responses" for a variety of time periods); *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13 Civ. 6362, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (permitting a stay where plaintiff's document requests demonstrated that he was asking for documents dating back to 1930, and defendants' preliminary assessment that there would be more than three million pages to review). And although the motion to dismiss is briefed, the Court cannot guarantee when it will resolve that motion. Moreover, though the Court will not predict the outcome of Defendants' motion, Defendants' argument challenging the sufficiency of Plaintiff's allegations of Defendants' bad faith "does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious." *Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016); *In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278, at *2 (S.D.N.Y. Jan. 22, 2002) (finding this factor did not militate in favor of a stay where defendant's motion challenged the complaint not "on pure questions of law, but simply on the sufficiency of the facts alleged to support the claims"). Finally, Plaintiff does not

oppose the stay of discovery, ECF No. 41, indicating there is little prejudice to him, but, "good cause not otherwise having been shown, lack of prejudice does not justify a stay." *Guiffre*, 2016 WL 254932, at *2.

## CONCLUSION

Accordingly, Defendants' motion to stay discovery is DENIED. By **July 19, 2021**, the parties shall submit a revised proposed case management plan and discovery schedule. The Clerk of Court is directed to terminate the motion at ECF No. 38.

SO ORDERED.

Dated: July 12, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge