UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN WHITE,

                              Plaintiff,

         -against-

UMG RECORDINGS, INC., a Delaware
Corporation, individually and Doing business as
"INTERSCOPE RECORDS"; JORDAN
TIMOTHY JENKS, p/k/a "PI'ERRE BOURNE,"
an individual; JORDAN CARTER, p/k/a
"PLAYBOI CARTI," an individual; and DOES
1-10, inclusive,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/21/2021
```

20 Civ. 9971 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Jordan White, brings this action against Defendants UMG Recordings, Inc., ("UMG"), Jordan Timothy Jenks, Jordan Carter, and Does 1-10 alleging that Defendants violated § 512(f) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), by knowingly submitting an improper "takedown notice" to service providers that hosted content related to Plaintiff's music.  *See* Amend. Compl., ECF No. 30.  Defendants Jenks, Carter, and UMG (the "Moving Defendants") move to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Defs. Mem. at 1, ECF No. 40-1.  For the reasons stated below, Moving Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

On February 7, 2017, Plaintiff purchased from Jenks the rights to a musical instrumental arrangement (the "Beat") that Jenks had created.  Amend. Compl. ¶ 11.  With Jenks' knowledge,

Plaintiff incorporated the Beat into a song that Plaintiff created, called "Oi!".  *Id*. ¶ 12.  Plaintiff

distributed and released "Oi!" on multiple online platforms, including YouTube, Spotify,

SoundCloud, and Twitter.  *Id*. ¶ 15.

On the SoundCloud platform, Plaintiff allowed "Oi!" to be published on the personal

SoundCloud page of a founding member of the musical group A$AP MOB.  *Id*. ¶ 16.  Carter also

belongs to the A$AP MOB musical group.  *Id*.  In May 2018, Carter released a song entitled

"Right Now," which incorporated the Beat.  *Id*. ¶ 17.  Jenks had provided the Beat to Carter.  *Id*.

¶ 21.

On May 10, 2018, Plaintiff posted a video of himself performing "Oi!" on Twitter.  *Id*.

¶ 30(a).  "[O]ne or more of the Defendants" then served a takedown notice on Twitter, and

Twitter removed Plaintiff's content "in response to a report by the copyright owner."  *Id*.  That

same day, Plaintiff attempted to publish another post related to "Oi!", which Twitter removed

because of "a report from the copyright holder."  *Id*. ¶ 30(b).  On May 25, 2018, Plaintiff again

attempted to post a video on Twitter related to "Oi!", and Twitter removed this video for the

same reason.  *Id*. ¶ 30(c).  Plaintiff provided a counter-notice to Twitter contesting the takedown

notice, but Twitter refused to allow the "Oi!"-related content to remain on the site.  *Id*. ¶ 30(d).

Because of the takedown notices, Plaintiff has been unable to "promote, monetize, and otherwise

enjoy the benefits" of his work.  *Id*. ¶ 33.

On November 25, 2020, Plaintiff filed a complaint, ECF No. 1, which he amended on

March 17, 2021, ECF No. 30.  In the amended complaint, Plaintiff claims that, "in serving their

[§ 512] notices, Defendants, and each of them, with knowledge of the falsity, materially

misrepresented that the public performance, display or distribution of "Oi!" infringed their rights

under the Copyright Act."  Amend. Compl. ¶ 31; *see also id.* ¶ 24.  On April 27, 2021, Moving

Defendants moved to dismiss Plaintiff's amended complaint.  ECF No. 40.

**ANALYSIS**

I.    Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*  A plaintiff is not required to provide "detailed factual allegations," but he must assert "more

than labels and conclusions."  *Twombly*, 550 U.S. at 555.  Additionally, "where a particular state

of mind is a necessary element of a claim, [a plaintiff's] pleading of that state of mind must be

plausible and supported by factual allegations."  *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278

(S.D.N.Y. 2013) (citing *Iqbal*, 556 U.S. at 686–87, 129), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *and*

*aff'd*, 622 F. App'x 67 (2d Cir. 2015).  Although courts must "draw all reasonable inferences in

[the] [plaintiff's] favor [and] assume all well-pleaded factual allegations to be true," they are not

"bound to accept conclusory allegations or legal conclusions masquerading as factual

conclusions."  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation marks

and citations omitted).

Under the DMCA, copyright holders can notify online service providers, like Twitter,

when their sites are hosting or providing access to infringing content.  *See* 17 U.S.C. § 512(c).

These "takedown notices" must include, *inter alia*, "[a] statement that the complaining party has

a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." *Id*. § 512(c)(3)(A)(v). The DMCA also provides that

> Any person who knowingly materially misrepresents under this section . . . that material or activity is infringing . . . shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing[.]

*Id*. § 512(f). In order to state a claim under § 512(f), courts in this Circuit require plaintiffs to show "actual knowledge," *i.e.*, that the defendants *knew* that they were making a material misrepresentation. *See Ningbo Mizhihe I&E Co. v. Does 1-200*, No. 19 Civ. 6655, 2020 WL 2086216, at *3 (S.D.N.Y. Apr. 30, 2020) (citing *Cabell v. Zimmerman*, No. 09 Civ. 10134, 2010 WL 996007, at *4 (S.D.N.Y. Mar. 12, 2010)), *reconsideration denied*, No. 19 Civ. 6655, 2020 WL 8838036 (S.D.N.Y. June 19, 2020). Allegations that defendants should have known that they were making a material misrepresentation are insufficient because "negligence is not the standard for liability" under § 512(f). *Cabell*, 2010 WL 996007, at *4.

II.     Application

To state a claim under the DMCA, Plaintiff need only plead (1) that Defendants knowingly misrepresented to Twitter that Plaintiff was posting content in violation of Defendants' purported copyrights to that content; (2) that, relying on Defendants' willful misrepresentation, Twitter removed or disabled access to the posts in question; and (3) that, as a result of the aforementioned series of events, Plaintiff has incurred damages. *See Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, No. 20 Civ. 8180, 2021 WL 4482608, at *13 (S.D.N.Y. Sept. 30, 2021).

A.  Jenks

The Court disagrees that Plaintiff's claim fails with respect to Jenks.  Plaintiff's amended

complaint alleges that Jenks sold Plaintiff the rights to use the Beat in creating hip-hop music,

*see* Amend. Compl. ¶ 11, and that Jenks knew that Plaintiff used the Beat to create "Oi!" in

February 2017, *see id*. ¶¶ 12–14.  The amended complaint further alleges that the takedown

notices requested the removal of content related to "Oi!".  *See id*. ¶ 30.  Taken together, these

allegations allow the Court to infer that Jenks knew that Plaintiff's Twitter posts were not

infringing on any copyright Jenks may have owned.

Furthermore, Plaintiff's amended complaint alleges that "one or more of the Defendants"

served takedown notices on Twitter, and that Twitter removed Plaintiff's posts because of those

takedown notices.  *See id*. ¶ 30.  Moving Defendants argue that these allegations are insufficient

because Plaintiff fails to specify which of the Defendants sent the takedown notice.  *See* Defs.

Mem. at 1, 4.  The Court disagrees.  Plaintiff's allegations do not constitute the type of group

pleading that courts have previously found to be "woefully inadequate."  *Appalachian Enters.,*

*Inc. v. ePayment Sols., Ltd.*, No. 1 Civ. 11502, 2004 WL 2813121, at *9 (S.D.N.Y. Dec. 8,

2004); *see also* Defs. Reply at 5–7, ECF No. 42.  Rather, Plaintiff's statements are more properly

characterized as a form of "plead[ing] in the alternative," by which Plaintiff may plead multiple

theories of recovery.  *See Ajinomoto Co. v. CJ CheilJedang Corp.*, No. 16 Civ. 3498, 2021 WL

4430200, at *3–4 (S.D.N.Y. Sept. 27, 2021).  Drawing all reasonable inferences in Plaintiff's

favor, the Court finds that Plaintiff has alleged, at least under one theory of his case, that Jenks

sent the takedown notices.

Moreover, the Court finds that Plaintiff has sufficiently alleged that he sustained damages

as a result of Jenks' takedown notice.  It is plausible that Plaintiff's inability to post about "Oi!"

on Twitter deprived him of an opportunity to promote his music, which, in turn, could lead to damages.  Amend. Compl. ¶¶ 33–35.

Accordingly, Moving Defendants' motion to dismiss Plaintiff's claim against Jenks is DENIED.

### B.  Carter

The Court agrees that Plaintiff's claim fails with respect to Carter because Plaintiff has not shown that Carter knew that Plaintiff's Twitter posts were not infringing.  As to Carter, Plaintiff alleges that Carter obtained the Beat from Jenks and used it to create his own song, "Right Now," after Plaintiff created "Oi!".  *Id*. ¶ 21.  Plaintiff also alleges that, around the time that Carter released "Right Now," "one or more of the Defendants" sent the takedown notices to Twitter to benefit Carter by preventing the distribution of "Oi!".  *See id*. ¶¶ 18, 25.  In addition, Plaintiff alleges that a founding member of a musical group to which Carter belongs allowed Plaintiff to publish "Oi!" on the founding member's SoundCloud page.  *Id*. ¶ 16.  Even after accepting all these allegations as true, the Court cannot infer that Carter knew Plaintiff had the right to post about "Oi!" on Twitter.

Plaintiff argues that these allegations suffice to show that Carter knew that Plaintiff's posts did not infringe on any copyright Carter may have owned.  He contends that his publishing of "Oi!" on the personal SoundCloud page of a person in Carter's musical group shows Carter's knowledge, *see* Pl. Opp. at 9–10, ECF No. 41, but the Court cannot reasonably infer that Carter knew about Plaintiff's rights in "Oi!" from the allegation that Carter creates music with someone who allowed Plaintiff to publish "Oi!" on his personal online profile.  Plaintiff's argument that Jenks' knowledge about "Oi!'s" origins should be imputed to Carter because Carter acted "in concert" with Jenks fares no better.  *See* Pl. Opp. at 5–7.  Plaintiff's claim that Jenks provided the

Beat to Carter does not give rise to the inference that Jenks and Carter spoke about Plaintiff's

rights in his song, or that they worked together to send the takedown notices.  Furthermore,

Plaintiff's conclusory statements as to Defendants' relationships with each other, *see* Amend.

Compl. ¶ 9, and that "Defendants, and each of them, with knowledge of the falsity, materially

misrepresented that the public performance, display or distribution of ["Oi!"] infringed their

rights under the Copyright Act," *id*. ¶ 31, do not suffice to show a coordinated effort to send

takedown notices or knowledge that those takedown notices contained material

misrepresentations, *see Faber*, 648 F.3d at 104.

Accordingly, Moving Defendants' motion to dismiss Plaintiff's claim against Carter is

GRANTED.

### C.  UMG

Additionally, the Court agrees that Plaintiff fails to state a claim against UMG.  Aside

from conclusory statements, *see*, *e.g.*, Amend. Compl. ¶¶ 9, 31, Plaintiff's amended complaint

contains no allegations regarding UMG's relationship to the other Defendants or what UMG

knew about Plaintiff's right to publish content related to "Oi!".

Accordingly, Moving Defendants' motion to dismiss Plaintiff's claim against UMG is

GRANTED.

### D.  Leave to Amend

Finally, Moving Defendants argue that dismissal of the amended complaint with

prejudice is warranted because "further amendment would be futile."  Defs. Mem. at 7.  Rule 15

of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  Because the Court is not convinced that Plaintiff

cannot cure the deficiencies in his allegations, Plaintiff may file a motion for leave to further

amend his complaint within 21 days of this order.

Accordingly, Moving Defendants' request to dismiss the amended complaint with

prejudice is DENIED.

### CONCLUSION

For the foregoing reasons, Moving Defendants' motion to dismiss the complaint is

GRANTED as to Plaintiff's claims against Carter and UMG and DENIED as to Jenks.  By

January 11, 2022, Plaintiff shall file any request for leave to further amend the complaint.

SO ORDERED.

Dated:  December 21, 2021
        New York, New York

_____
        ANALISA TORRES
        United States District Judge