```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JORDAN WHITE,

                        Plaintiff,
        -against-

UMG RECORDINGS, INC., a Delaware
Corporation, individually and Doing business as
"INTERSCOPE RECORDS"; JORDAN
TIMOTHY JENKS, p/k/a "PI'ERRE BOURNE,"
an individual; JORDAN CARTER, p/k/a
"PLAYBOI CARTI," an individual; and DOES 1-
10, inclusive,
                        Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/18/2022
```

20 Civ. 9971 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiff's motion to file under seal "Exhibit A" to Plaintiff's motion for leave to file a second amended complaint. *See* ECF Nos. 83–85. Plaintiff states that the exhibit should be filed under seal because it is "designated as confidential pursuant to the Court's Protective Order entered on November 10, 2021, [Protective Order, ECF No. 58,] and ha[s] been marked 'CONFIDENTIAL' by non-party, Recording Industry Association of America." Mot. at 2, ECF No. 83.

    The Protective Order provides that "[a]ny party seeking to file redacted or entire documents under seal must obtain prior Court approval in accordance with Rule IV.A of this Court's Individual Practices in Civil Cases." Protective Order ¶ 6. Rule IV.A requires that motions for sealing "explain the particular reasons for seeking to file that information under seal." It also provides that:

> To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 MD 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

        The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request.  When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials Rule IV.A.

        Plaintiff's motion for sealing does not comply with Rule IV.A of the Court's Individual Practices.  Accordingly, Plaintiff's request to seal Exhibit A is DENIED.  By **February 1, 2022**, Plaintiff shall move the Court for an order to seal or redact Exhibit A in accordance with Rule IV.A.  If Plaintiff has not done so by that date, the Clerk of Court shall be directed to unseal the document.  The Clerk of Court is directed to terminate the motion pending at ECF No. 83.

        SO ORDERED.

Dated: January 18, 2022
       New York, New York

                                                         ANALISA TORRES
                                                   United States District Judge