UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
JORDAN WHITE,

                    Plaintiff,                    20-cv-9971 (AT) (OTW)

        -against-                          **ORDER**

UMG RECORDINGS, INC., et al.,

                    Defendants.

-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

In this case, the remaining fact discovery disputes center around Defendant Carter's knowledge (if any) and acts taken (if any) to cause Co-Defendant UMG to issue disputed takedown notices to Twitter. For the reasons set forth below, Defendants' motion to strike is **DENIED**, Plaintiff's untimely motion to compel is **GRANTED in part and DENIED in part**, and Defendants may, if they choose, move for costs under Fed. R. Civ. P. 37(a)(5). The fact discovery deadline is extended to **January 31, 2023**, for the sole purpose of completing Carter's limited deposition, and will not be further extended without good cause shown.

**I.  RELEVANT PROCEDURAL HISTORY**

The parties have been engaged in discovery since at least July 2021, and the fact discovery deadline was extended six times to December 16, 2022. (*See* ECF 109, 112, 116, 122, 135). Although Carter was dismissed and then reinstated as a defendant (ECF 117, 123, 124), UMG has remained in the action and participated in discovery.

At the October 20, 2022 conference, the parties outlined three remaining areas of dispute: 1) document requests and interrogatories to UMG and Carter; 2) Carter's deposition; and 3) Bermudez's deposition. At the conference, counsel for UMG and Carter argued that they – largely through UMG – had completed their production, and that there were no more documents to produce. As to Mr. Carter's deposition, Plaintiff's counsel represented that they had proposed limiting the deposition to four hours and further represented that they could come to an agreement as to custody of the deposition video. (ECF 137 at 20). Finally, as to the deposition of Mr. Bermudez, Plaintiff's manager, the parties appeared to agree that they would work together to schedule the deposition, and that Plaintiff's counsel had accepted service and would work with Defendants' counsel to schedule Mr. Bermudez's deposition by November 18, 2022. Based on counsel's representations and arguments, and on oral rulings made at the conference, I extended discovery to November 18, 2022 to complete the outstanding items addressed at the conference, set a date for a status letter or motion to compel of November 10, and set the date for any opposition to the motion to compel to be filed on November 17. I explicitly directed the parties to work together in good faith and – specifically regarding the written discovery – directed the parties to "figure out whether there is actually anything outstanding that the defendants are refusing to produce." (ECF 137 at 17).

On November 10, the parties sought and received an extension of the joint status letter deadline to November 18. What followed on November 18 was not a joint status letter, but a flurry of letters and exhibits (ECF 131, 132, 133) that raised new issues and backtracked on the progress that had been made at the October 20 conference, leading to a new order setting dates for the motion to compel and a joint status letter on December 9, with Defendants'

2

opposition to the motion to compel to be filed on December 16. (*See* ECF 135). In the parties December 9 joint status letter, they represented that the Bermudez deposition and document production had been completed. (ECF 140).

Plaintiff untimely filed his motion to compel, on the morning of December 10. (ECF 142). It was also 17 pages long, and not in the form of a letter brief. On December 12, there followed another round of letters in which Defendants moved to strike the motion and Plaintiff explained the delay in filing and the need for so many words. (ECF 147, 148, 149). Defendants then sought an additional week, to December 23, to file their opposition, given the length of Plaintiffs' motion to compel, and their pending motion to strike. After this motion was denied, Defendants timely filed their opposition on December 16. (ECF 151, 154).

## II. ANALYSIS

### A. INTERROGATORIES AND DOCUMENT REQUESTS

The only outstanding document discovery relates to: 1) interrogatories seeking Carter's email and "the production information about [Carter's] song 'Right Now' and Album 'Die Lit'" and 2) a document request seeking Carter's "viewing history and access history relating to The FADER's website, YouTube, SoundCloud, and other online platforms where . . . [Plaintiff's song, "Oi!"] was distributed and released, from 2017 to 2018." (ECF 142 at 9).

The Court finds that interrogatories concerning Carter's "production information" about his song and album are overbroad and the information is better communicated through deposition. While the information is likely relevant to Carter's knowledge whether Plaintiff had superior or at least coextensive rights to the Beat, that information would be better conveyed through limited questions at a deposition rather than requiring to Carter to produce a

3

chronology of every step he took in composing and recording his work. Indeed, given the parties' history of making discovery mountains out of molehills, the Court is concerned that any possible discrepancy between Carter's interrogatory response and documents already produced would be used as a reason to extend Carter's deposition.

The interrogatory seeking Carter's email addresses faces a different objection: Carter asserts that he "does not use email." Plaintiff argues that all of the social media platforms used by Carter "require an email," and asserts that "Carter should be required to provide the email addresses associated with his social media accounts and his iCloud account." (ECF 142 at 6). The Court agrees. Whether Carter personally uses these email address(es) for any reason may be a different question (again, better explored at deposition if at all[1]), but Plaintiff should be provided these email addresses to aid his review of the documents already produced in this action.

The remaining disputed document request is also overbroad and duplicative. It seeks "[a]ny and all Documents relating to Defendants['] viewing history and access history relating to . . . online platforms where the SUBJECT SONG was distributed and released, from 2017 to 2018." (ECF 142 at 9). Presumably any document that mentioned Plaintiff or Oi! would be technically responsive to this request, but has also likely been already produced. Requiring production of an entire year's browsing history across multiple platforms and sites – even if one

---

[1] Defendants' opposition indicates that they attempted to meet and confer regarding this request, in a letter dated November 3, "2021"[sic], including by explaining why the email addresses associated with Carter's social media accounts were not used by him and were not relevant. (ECF 154-1, 154-2). Instead of dropping the issue, Plaintiff elected to pursue a motion to compel on this ground, omitting any reference to the reasons presented by Defendants (and by omission, leading to an inference that Defendants' withholding of this information was not in good faith), calling Defendants' objections "completely obstructionist, and [an] attempt[] to obfuscate what he knows to be true." (ECF 142 at 4).

assumed such information still existed – would not be proportional to the needs of the case. Plaintiff has failed to articulate how a response to this document request would yield information that has not already been provided in some other form. Moreover, such a search would yield vast amounts of irrelevant information that implicates privacy concerns articulated by the Supreme Court in *Riley v. California*, 573 U.S. 373, 395 (2014) ("An internet search and browsing history . . . could reveal in individual's private interests or concerns. . .").

### B. CARTER'S DEPOSITION

Plaintiff's motion to compel Carter's deposition for a full 7 hours is denied as meritless. While Rule 30(d)(1) presumptively limits a deposition to "1 day of 7 hours," Plaintiff apparently forgets that the court may, in its discretion, alter such limits. *See, e.g.*, Advisory Committee Notes to 2000 Amendment to Rule 30 ("It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. . . . Preoccupation with timing is to be avoided. . . The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness").

Moreover, and in light of the colloquy at the October 20 conference, Plaintiff's motion is not substantially justified.[2] At the conference, counsel had been directed to meet and confer

---

[2] While Plaintiff makes much of his *allegation* in the SAC that Carter was part of a "conspiracy" that caused UMG to issue the takedown notices, the *evidence* adduced in discovery has not been so compelling to "show that all roads lead to Defendant Carter." (ECF 142 at 12). For example, UMG's employee testified, in relevant part, that he made the decision to send the takedown notices to Twitter without Carter's input. (ECF 141-1 at 156). Moreover, while Carter is alleged to have pressured non-party Illijah Ulanga in early **2017** to remove Plaintiff's song from Ulanga's SoundCloud page, nonparties Bermudez and Jenks apparently persuaded Ulanga to let it remain. (ECF 117 at 2-3.) And finally, the message exchange submitted to show that "all roads lead to . . . Carter" is not the smoking gun it purports to be. (ECF 149-2, under seal). While counsel's declaration states that it is text message communications, dated April 18, 201**8** between Bermudez, Erin Larsen, and Aaron "Dash" Sherrod, the text messages are not identified by sender; the motion refers to this exhibit as "Bermudez, Erin Larsen Messages," and the unidentified parties to the text communications seem to be discussing whether someone other than Carter may have rights to "the beats" and complaining about "Carti" using "the beats." (*Id.*)

and to agree to a reasonable time limitation for Carter's deposition, in light of the discovery that had already been obtained. Plaintiff's counsel had intimated that they had proposed four hours either for a producer or for Carter's deposition, while Carter's counsel had sought a limitation of one hour. (*See* ECF 137 at 9, 20.)

Accordingly, Plaintiff's motion to compel Carter's deposition for "the normal prescribed amount of time" is granted in part and denied in part. **Carter's deposition is limited to 2.5 hours of testimony time** – the midpoint between one hour and four hours – due in part to the parties' inability to agree on a matter as simple as this one. If Plaintiff seeks additional time to depose Carter, such motion may only be made after the completion of Carter's deposition as ordered here, and will only be extended upon a showing of good cause with specific reference to, and attachment of, the full deposition transcript.

To the extent the parties have not yet scheduled Carter's deposition, they shall do so forthwith, and inform the Court, no later than December 23, 2022 of the scheduled date. Carter's 2.5-hour deposition must be completed by January 31, 2023, and may be completed by remote means. Fed. R. Civ. P. 30(b)(4).

III.  **CONCLUSION**

Defendants' motion to strike is **DENIED as moot** because the motion to compel was resolved on its merits, or lack thereof. If they have not already done so, Defendants are directed to produce the email addresses connected to Carter's identified social media accounts no later than **December 23, 2022**. The parties are directed to file a letter on the docket no later than **December 23, 2022** informing the Court of the date scheduled for Carter's deposition. The letter may redact the date so that it is visible to Court personnel and the parties only. Carter's

deposition is limited to 2.5 hours of testimony and must be completed **before January 31, 2023**. All other discovery in this case is complete, and all other requests in Plaintiff's motion to compel are **DENIED**. The parties' motions to seal (ECF 143, 153) are **GRANTED** for the reasons stated in those motions.

Finally, the Court is concerned that Plaintiff's motion to compel was not substantially justified, and that counsel did not meet and confer in good faith as required by the federal rules and as directed at the October 20 conference. Accordingly, if Defendants seek an apportionment of reasonable expenses under Rule 37(a)(5) for opposing the motion to compel, they shall file their motion no later than January 9, 2023. Plaintiff's opposition is due January 17, 2023. Defendants may reply no later than January 23, 2023. Untimely filings will not be considered.

The Clerk of Court is respectfully directed to close ECF Nos. 142, 143, and 153.

**SO ORDERED.**

Dated: December 19, 2022  
     New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge