**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
JORDAN WHITE,

                       Plaintiff,                    20-cv-9971 (AT) (OTW)

       -against-                          **OPINION & ORDER**

UMG RECORDINGS, INC. and JORDAN CARTER,

                     Defendants.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed Defendants' motion for a protective order (ECF 141) and Plaintiff's opposition to that motion (ECF 155). Defendants' motion for a protective order is **GRANTED**,[1] and Plaintiff's numerous[2] subpoenas to nonparties Jordan Jenks, Erin Larsen, Aaron Sherrod, SoundCloud and Twitter (collectively, the "Subpoenas") are **QUASHED** for the reasons that follow.

### I. Plaintiff did not comply with Fed. R. Civ. P. 45(a)(4) for the Withheld Subpoenas.[3]

The subpoenas were dated November 18, 2022 and notice was provided to Defendants on December 4, 2022. For this reason alone, the Withheld Subpoenas should be quashed.

---

[1] Defendants also include a request to limit Carter's deposition to one hour. This request is denied as moot in light of ECF 157, which limited Carter's deposition to 2.5 hours of testimony.
[2] Defendants attach the challenged subpoenas at ECF 141-3, 141-4, 141-5, 141-9. Altogether, they comprise more than 200 pages of exhibits. The Court has not done a line-by-line comparison of the Subpoenas, but Plaintiff's counsel appears to have served **six** subpoenas on Jenks, Larsen and Sherrod, collectively, **four** subpoenas to Twitter, and **one** subpoena to SoundCloud, in the time between November 18, 2022 and December 8, 2022.
[3] The Withheld Subpoenas, as defined by Defendants (ECF 141 at 2), are located at ECF 141-5 and consist of deposition subpoenas for Jenks, Larsen and Sherrod.

Moreover, the timing of the notice to Defendants suggests that, at a minimum, these Withheld Subpoenas were not issued in good faith. The email from Attorney Igbokwe (ECF 141-5 at 2) bears a date and time stamp of "Sunday, December 4, 2022 6:27:15 AM" and reads:

> "Please let us know if you represent these individuals, and if we can coordinate dates, or if you will be challenging these subpoenas so that we can address it in our motion. Thanks."
> (*Id.*).

The Withheld Subpoenas then command attendance for depositions at 11:00 AM on Monday, December 5 (Larsen), Wednesday, December 7 (Jenks), and Thursday, December 8 (Sherrod). (ECF 141-5). Plaintiff's untimely motion to compel, despite being one day late and several pages too long, makes no mention of the multitude of subpoenas in process. (ECF 142). Plaintiff's opposition to the motion to quash, (ECF 155), also curiously makes no attempt to defend the timing of the Subpoenas, nor does it attempt to show how the parties conferred in good faith to resolve this dispute.

## II. **All of the Subpoenas are untimely.**

Fact discovery was extended after October 20, 2022 for the limited reasons stated on the record: to complete Carter's and Bermudez's depositions and resolve particular disputes regarding outstanding document discovery. (*See, e.g.*, ECF 137 at 24) ("I'm really trying to narrow discovery, **get these last pieces completed, so that we can close fact discovery**."). The parties were directed to meet and confer on those issues, and if they could not be resolved, to file a specific motion to compel or motion for protective order by November 10, with opposition by November 16. The fact discovery deadline was extended to November 18 to accommodate the briefing. Although not explicitly stated, the entire tenor of the October 20,

2

2022 conference was to resolve any outstanding discovery disputes and then close discovery, and Plaintiff's counsel – who were present at the in-person conference – cannot credibly or reasonably claim that they believed that all discovery was open through the later extensions.[4]

In reviewing the record in this case, it has come to the Court's attention that Twitter had already produced documents pursuant to a subpoena in November **2021**. (*See* ECF 67 at 16: "MR. BURROUGHS: We do know that because Twitter actually produced a copy of it [a notification or counter-notification] pursuant to a subpoena.").

### III. The Subpoenas are outside the scope of Rule 26(b)(1).

Even if counsel subjectively and reasonably believed that discovery was wide-open in light of the extensions to the fact discovery deadline after October 20, the Subpoenas seek discovery that is neither relevant nor proportional to the needs of the case. An employee of UMG sent the disputed takedown notices to Twitter, and testified, under oath, that Carter had nothing to do with the decision to send the takedown notices. Discovery produced to date indicates that about a year earlier, Carter sought, unsuccessfully, to have Plaintiff's song removed from SoundCloud.

#### A. Larsen and Sherrod Subpoenas

In an effort to link Carter's 2017 efforts with SoundCloud to UMG's 2018 takedown notices, Plaintiff submits a series of "troubling" text messages that, "notably, make clear" that Carter had sought to remove Plaintiff's song from SoundCloud. (ECF 155 at 2). Again, the tone and tenor of these messages appears to be Bermudez, Plaintiff's manager, complaining to

---

[4] This was not the first time that discovery was extended for a limited purpose. As early as August 2022, the Court had expected that the parties had nearly completed their outstanding discovery. (*See, e.g.*, ECF 116).

Larsen that Carter tried to have "Oi!" removed from SoundCloud, and that Carter is using the Beat. (See also ECF 157 at n. 2). Sherrod does not even appear to be a party to the messages, notwithstanding counsel's assertions. Bermudez has already been deposed, and Larsen's responses to Bermudez's assertions do not suggest that Larsen and Sherrod would have any relevant information. Counsel makes much of basic agency principles to suggest that any knowledge on Larsen's or Sherrod's part could be imputed to Carter and UMG, respectively, but there is simply no support for the allegation that Sherrod or Larsen had any independent knowledge other than what was provided by Bermudez to Larsen, and then allegedly from Larsen to Sherrod. (ECF 155 at 2).

B. Jenks Subpoena

Once upon a time, Jenks was a defendant until he was dismissed in August 2022. (ECF 117 at 9). At the time of his dismissal, discovery had been ongoing (and Jenks had been a defendant) since July 12, 2021. (ECF 43). Although counsel sought Jenks's deposition back in August 2022, that issue was not raised again as an outstanding issue in the fall. It is undisputed that Jenks licensed the Beat to both White and Carter, but Jenks had no interest in stopping the publication of "Oi!" (ECF 117 at 9). It also appears, from the text messages between Bermudez and Larsen, that Bermudez told Larsen that Jenks had earlier licensed the Beat to White, so any other "knowledge" Jenks has of the rights to the Beat is irrelevant at this point. Finally, Jenks's opinion whether Carter "was wrong" in trying to have "Oi!" removed from SoundCloud (*id.*) is also not relevant to the issue in this case.

C. <u>Twitter and SoundCloud Subpoenas</u>

The subpoena to SoundCloud seeks Defendant Carter's search history on that platform, and is neither relevant nor proportional to this case. The Twitter subpoena(s) seek discovery that might have a scintilla of relevance, but still are not proportional to the needs of this case. There is no dispute that takedown notices were sent, and that Mr. Olumhense, as an employee of UMG, sent them. It is not clear why counsel needed to send four apparently identical subpoenas to Twitter barely two weeks ago (and more than a year after serving Twitter and obtaining the takedown notices), and it is patently misleading for counsel to have attached the Second Amended Complaint – which names Jenks as a defendant – knowing full well that Judge Torres had dismissed Jenks four months earlier and indeed had told Plaintiff, in no uncertain terms, that attempting to bring Jenks back into the case as a defendant would lead to his *sua sponte* dismissal. (ECF 117 at 10, ECF 124).

IV. **<u>The Subpoenas are Unreasonably Cumulative and Duplicative.</u>**

At risk of beating a dead horse, the Court finds that the Subpoenas are also unreasonably cumulative and duplicative. We are at the close of a 16-month-long discovery period and Twitter was apparently subpoenaed more than a year ago. For Carter, the issue is and has always been whether and how Carter "conspired" with UMG to send the takedown notices to Twitter in 2018, "[such] that Carter should be liable for UMG's actions." (ECF 117 at 9). It is difficult to see how direct messages on Twitter between Carter and three nonparties – Jenks (still referenced in Plaintiff's opposition as "Defendant Jordan Jenks" notwithstanding his dismissal four months ago), Ulanga (the individual who posted "Oi!" on SoundCloud) and

5

Bermudez (Plaintiff's manager) – if they exist, would not be cumulative and duplicative of information that has already been obtained in the long history of this case. Similarly, there has already been considerable discovery concerning Carter's 2017 efforts with SoundCloud, Jenks's involvement in writing and licensing the Beat to both Carter and White, and the parties' knowledge of the takedown notice(s) sent to Twitter in 2018. Moreover, in order for Larsen and Sherrod to have facilitated any alleged conspiracy between Carter and UMG, there must have been communications with Carter and UMG. Carter and UMG have produced documents and have been or will be deposed; any discovery from Larsen and Sherrod would have been cumulative and duplicative of discovery sought and obtained from Carter and UMG.

V. Conclusion

For the foregoing reasons, Defendants' motion to quash the Subpoenas is **GRANTED**. To the extent that they have not already done so, Plaintiff's attorneys are directed to withdraw the Subpoenas **FORTHWITH** and to serve a copy of this Order on all of the recipients of the Subpoenas (namely, Larsen, Jenks, Sherrod, SoundCloud, and Twitter), and file proof of such service on the docket no later than **December 31, 2022**. If Defendants seek an apportionment of reasonable expenses under Rule 37(a)(5) for responding to and quashing the Subpoenas, they shall file their consolidated motion and opposition on the schedule set forth in ECF 157: January 9, 2023 for the motion, January 17, 2023 for any opposition, and January 23, 2023 for any reply. The submissions are limited to 2000 words, exclusive of exhibits and counsel's certification of their word count.

The Clerk of Court is respectfully directed to close ECF 141.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: December 21, 2022<br>New York, New York | *s/ Ona T. Wang*<br>**Ona T. Wang**<br>United States Magistrate Judge |