UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN WHITE,

                Plaintiff,

-against-

UMG RECORDINGS, INC. (d/b/a INTERSCOPE RECORDS); JORDAN CARTER, p/k/a (PLAYBOI CARTI) et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/5/2024__

20 Civ. 9971 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By letter motion dated June 13, 2023, Plaintiff moves to seal portions of nine exhibits in support of his opposition to summary judgment: (1) Exhibit 3, ECF No. 192-1; (2) Exhibit 4, ECF No. 192-2; (3) Exhibit 8, ECF No. 192-3; (4) Exhibit 9, ECF No. 192-4; (5) Exhibit 11; (6) ECF No. 13, ECF No. 192-5; (7) Exhibit 14, ECF No. 192-6; (8) Exhibit 15, ECF No. 192-7; and (9) Exhibit 16, ECF No. 192-8 (collectively, the "Exhibits"). ECF No. 191. Defendants join Plaintiff's motion as to Exhibits 3, 4, 8, 9, 14, and 16. ECF No. 196.

    There is a strong common law presumptive right of access to judicial documents. *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

    The parties have demonstrated compelling reasons to seal portions of some of the Exhibits. Exhibits 3 and 4 are agreements for production and recording services, which this Court has already found implicate Defendant UMG Recordings, Inc.'s ("UMG") confidential business interests. ECF No. 209. The Court has reviewed the limited redactions proposed for these documents and finds them narrowly tailored to protect UMG's interests. Exhibit 14 similarly contains a PowerPoint presentation and an email from UMG, disclosure of which would "harm UMG's competitive standing" by disclosing its "business strategies, proprietary anti-piracy tools and technologies, monetization strategies, and agreements with certain streaming platforms other than Twitter regarding the removal of infringing content." ECF No. 196 at 3. The Court finds that sealing Exhibit 14 is, therefore, appropriate.

    The parties also propose to seal portions of Exhibit 16, the deposition transcript of Defendant Jordan Carter. Both this Court and Judge Ona T. Wang have previously approved the same sealing request, *see* ECF Nos. 171, 209. Here, the Court again finds that the proposed

redactions are narrowly tailored to protect Carter's privacy interests and concern matters irrelevant to the merits of the action.

      For the other Exhibits, however, Plaintiff has not made the substantive, document-specific showing necessary to justify sealing. Exhibits 8 and 9 are text messages, and Exhibit 15 is an email and spreadsheet. Plaintiff states, in a conclusory fashion, that these documents "may affect UMG's bargaining power, and public standing, as well as cause concern among relevant artists within the industry and other individuals related to UMG and its operations." ECF No. 191 at 2. Plaintiff does not explain how, exactly, the documents implicate these interests, and UMG—beyond stating that Exhibits 8 and 9 "contain the telephone number for an alleged non-party in this action"—offers no additional justification. *See* ECF No. 196 at 2.[1] Further, Plaintiff has not provided a copy of Exhibit 11 for the Court's review. *See* Individual Practices in Civil Cases, Rule IV(A)(ii).

      Accordingly, Plaintiff's motion to seal Exhibits 3, 4, 14, and 16 is GRANTED. His motion to seal Exhibits 8, 9, 11, and 15 is DENIED, except that Plaintiff shall redact the phone number visible in Exhibit 8. By **January 19, 2024**, Plaintiff shall file Exhibits 8, 9, 11, and 15 on the public docket or file a new memorandum of law and new declarations supporting its opposition to summary judgment that do not rely on the exhibits.

      SO ORDERED.

Dated: January 5, 2024
       New York, New York

                                                    ANALISA TORRES
                                        United States District Judge

---

[1] Exhibit 9 does not, in fact, contain any individual's phone number.